## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JENNIFER MAY,

       Plaintiff,

vs.                                            No. CIV 12-0676 JB/KBM

BOARD OF COUNTY COMMISSIONERS FOR
CIBOLA COUNTY, CIBOLA COUNTY
SHERIFF JOHNNY VALDEZ, in his official
capacity, CIBOLA COUNTY SHERIFF'S
DETECTIVE WILLIAM MARION, in his individual
capacity, THE THIRTEENTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE and ASSISTANT DISTRICT
ATTORNEY KRISTINA FAUGHT-HOLLAR, in her
individual capacity, JAMES REESE, and OLIVER REESE,

       Defendants.

## MEMORANDUM OPINION[1]

**THIS MATTER** comes before the Court on the Plaintiffs' [sic] Motion to Remand, filed

July 13, 2012 (Doc. 12)("Motion to Remand").   The Court held a hearing on November 21, 2012.

The primary issues are: (i) whether Defendant James Reese waived his right to removal by filing a

motion to dismiss in state court; (ii) whether effective removal requires an affirmative explanation

for Defendant William Marion's absence in the Notice of Removal to the United States District

Court for the District of New Mexico, filed June 22, 2012 (Doc. 1)("Notice of Removal"); and (iii)

---

[1]On March 29, 2013, the Court issued an Order in which it denied: (i) the Defendant Board of County Commissioners of Cibola County's Motion to Dismiss Count VI of Complaint as Against Defendant Cibola County, filed July 2, 2012 (Doc. 10); (ii) the Plaintiffs' [sic] Motion to Remand, filed July 13, 2012 (Doc. 12)("Motion to Remand"); and (iii) Defendant William Marion's Motion to Dismiss Count VI of Complaint, filed July 18, 2012 (Doc. 19).   The Court stated: "The Court will . . . at a later date issue an opinion more fully detailing its rationale for this decision."   Doc. 53 at 2 n.1.   This Memorandum Opinion is the promised opinion for the Motion to Remand.

whether the Defendants' failure to provide the Court with a copy of Plaintiff Jennifer May's Response to Defendant James Reese's Motion to Dismiss or, in the Alternative, to Transfer Venue from Santa Fe County to Cibola County, filed in federal court on July 13, 2012 (Doc. 12-1)("May's Response"), requires remand to state court.   The Court will deny the Motion to Remand.   The Court concludes that J. Reese did not waive his right to removal by filing a motion to dismiss in state court.   Filing a motion to dismiss in state court which asserts that venue is improper is not enough to demonstrate a clear and unequivocal intent to remain in state court. The Court further concludes that an affirmative explanation for Marion's absence in the Notice of Removal is not required to effect removal.   Neither the statute nor the United States Court of Appeals for the Tenth Circuit require the Defendants to account in the notice for a defendant who has not yet been served.   The Defendants' failure to provide the Court with a copy of May's Response to J. Reese's Motion to Dismiss does not require remand to state court.   Under the Tenth Circuit's de minimis standard, the Defendants' failure to provide the Court with May's Response to J. Reese's Motion to Dismiss is a de minimis procedural defect that does not require remand to state court; it is curable, and May cured any defects by providing the Court with a copy of his Response within twenty-eight days.

## FACTUAL BACKGROUND

May and James Reese were married on December 22, 1990, in Albuquerque, New Mexico, and had three children during their marriage.   See Complaint for Damages Caused by the Deprivation of Civil Rights and Other Tortious Conduct ¶¶ 14-15, at 5, filed April 17, 2012 in state court, filed in federal court on June 22, 2012 (Doc. 1-2)("Complaint").   May alleges that she was the victim of J. Reese's ongoing physical, emotional and verbal abuse.   See Complaint ¶ 16, at 2.

May and James Reese were living in Hawaii during 2005.   See Complaint at 6 n.1.   On February

23, 2005, a Hawaii Court entered an Order of Protection against J. Reese on May's behalf.   See

Complaint ¶ 17, at 5-6.   The Order of Protection prohibits J. Reese "from possessing, controlling,

or transferring ownership of any firearm, ammunition, firearm permit or license for the duration of

this Order or extension thereof."   Complaint ¶ 17, at 6.   This Order was amended on March 17,

2005, to reflect that it will expire on March 17, 2055, fifty years after its entry.   See Complaint ¶

17, at 6.

May and J. Reese divorced on May 11, 2005 in Hawaii.   See Complaint ¶ 18, at 6.   The

divorce decree ordered that J. Reese pay $50.00 per child per month (or $150.00 per month in total

for their three children) in child support, which is the statutory minimum for someone who is

unemployed.   See Complaint ¶ 19, at 6.   Approximately one year after the divorce, May began

child support modification proceedings, because she believed the payment should be higher when

J. Reese began working for his father's Uranium mining company.   See Complaint ¶ 20, at 6.

On March 19, 2010, May filed a motion for enforcement for child support in arrears in the

amount of $3,245.40 -- the amount determined by the State of Hawaii based on J. Reese's monthly

obligations and missed payments.   See Complaint ¶ 22, at 7.   This motion and Hawaii's

month-by-month transaction summary were served on J. Reese via certified mail by the State of

New Mexico, Child Support Enforcement Division.   See Complaint ¶ 23, at 7.   Page four of the

five-page transaction summary, however, was not sent to J. Reese, although the New Mexico State

District Court received the complete file.   See Complaint ¶ 24, at 7.   The missing page contained

month-by-month payment figures.   See Complaint ¶ 24, at 7.   J. Reese had access to the State of

Hawaii's child support payment history that May possessed.   See Complaint ¶ 25, at 7-8.

May alleges that the Defendants used the missing page as a means to conspire against her and have her arrested under false charges of embezzlement and larceny.   <u>See</u> Complaint ¶¶ 22-34, at 7-9.   According to May, Defendant Detective William Marion swore to an Affidavit for Arrest Warrant alleging that May attempted to use the State of New Mexico to defraud J. Reese, based on the incomplete transaction summary.   <u>See</u> Complaint ¶ 27 at 8.   May alleges that Defendant Oliver Reese was involved with this conspiracy and reported May to law enforcement.   <u>See</u> Complaint ¶¶ 28-29, at 8.   May also alleges that Defendant Assistant District Attorney Kristina Faught-Hollar advised Marion that probable cause existed to arrest May.   <u>See</u> Complaint ¶ 37, at 10.   On July 8, 2010, a warrant was issued for May's arrest alleging harassment and attempted fraud.   <u>See</u> Complaint ¶ 40, at 10.   May was arrested in Maryland on July 13, 2010.   <u>See</u> Complaint ¶ 41, at 10.   The Thirteenth Judicial District Attorney's Office subsequently dropped all charges.   <u>See</u> Complaint ¶ 42, at 11.   J. Reese was arrested on June 27, 2009, and charged in federal court with three counts of possessing firearms while subject to a domestic protection order. <u>See</u> Complaint ¶ 44, at 11.

## PROCEDURAL BACKGROUND

May filed her case in the First Judicial District Court for the State of New Mexico, County of Santa Fe, New Mexico, on April 17, 2012.   <u>See</u> <u>May v. Bd. of Cnty. Comm'rs for Cibola Cnty.</u>, Case No. D-101-CV-2012-01079.   May alleges that Marion and Faught-Hollar deprived her of her rights under the Fourth and Fourteenth Amendments of the United States Constitution when they "recklessly misrepresented the truth and/or forwarded deliberate falsehoods in obtaining a warrant for Plaintiff's arrest without probable cause."   Complaint ¶ 65, at 17.   May states that she is a resident of Columbia, Maryland, and resided in Columbia at the time of the underlying

incident.  See Complaint ¶ 5, at 2.   May asserts that the First Judicial District Court has "original concurrent jurisdiction over Plaintiff's federal claims pursuant to Martinez v. California, 444 U.S. 277 (1980), Maine v. Thiboutot, 448 U.S. 1 (1980) and Art. VI, ¶ 13 of the Constitution of the States of New Mexico."   Complaint ¶ 1, at 1.   She also asserts that the state court has original jurisdiction over her state law claims under New Mexico Tort Claims Act, N.M.S.A. 1978, § 41-4-1 to 41-4-27 ("NMTA"), and her state common-law claims.  See Complaint ¶ 1, at 1.   May contends that venue in the First Judicial District is proper pursuant to N.M.S.A. 1978, § 38-3-1(A) & (F), and § 41-4-18(B), "based on the fact that Defendant Thirteenth Judicial District Attorney's Office is a state agency as defined by the New Mexico Tort Claims Act and N.M.S.A. 1978, § 41-4-1, et seq."   Complaint ¶ 2, at 2.   May's causes of action arise out of her marriage to, and divorce from, J. Reese, and his alleged failure to timely and fully pay child support that the divorce decree ordered him to pay to her.  See Complaint ¶¶ 17-22, at 5-7.   May alleges that, when the State of New Mexico, Child Support Enforcement Division served her motion for enforcement for child support in arrears on J. Reese, because the motion was missing a page showing the arrears calculations, the Defendants used the missing page as a means to conspire against her and have her arrested under false charges of embezzlement and larceny.   See Complaint ¶¶ 22-34, at 7-9.

On June 22, 2012, O. Reese removed this action to federal court.  See Notice of Removal ¶ 1, at 1.   O. Reese asserts that, because May's causes of action include allegations against the Defendants for alleged violations of the Fourth and Fourteenth Amendments, conspiracy to violate civil rights, and municipal and supervisory liability pursuant to 42 U.S.C. § 1983, "[r]emoval is proper because this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983."   Notice of Removal ¶¶ 2-3, at 2.   O. Reese represents that removal is timely, as his counsel accepted

service of May's state court Complaint on May 23, 2012, and thus filed the notice of removal within thirty days.  See Notice of Removal ¶ 4, at 2.  O. Reese states: "Undersigned has conferred with all defendants' counsel and all defendants consent to removal."  Notice of Removal ¶ 6, at 2.

On July 13, 2012, May filed her Motion to Remand, moving the court, pursuant to 28 U.S.C. § 1447(c), for an order remanding this action to the First Judicial District Court.  See Motion to Remand at 1.  May asserts:

> Defendants have not met and cannot meet their burden of establishing that the requirements for removal have been complied with because: (1) Defendant James Reese has waived the right to remove or consent to removal by filing a motion to dismiss in state court, which Plaintiff responded to while the case was still pending in that court; (2) Defendants failed to provide said response brief to this Court; and, (3) Defendants' Notice of Removal . . . fails to account for the absence of co-Defendant William Marion's position on removal.

Motion to Remand at 1.  May notes that, after seeking the Defendants' position on this motion, the Defendants oppose the motion, as "[a]ll defendants either oppose Plaintiff's Motion to Remand or have not responded."  Motion to Remand at 2.

May points out that, on May 17, 2012, before she had served all of the Defendants, J. Reese filed his Defendant James Reese's Motion to Dismiss or, in the Alternative, to Transfer Venue from Santa Fe County to Cibola County, filed in federal court on June 22, 2012 (Doc. 3-4)("J. Reese's Motion to Dismiss").  See Motion to Remand at 1-2.  May asserts that "nowhere in his Motion to Dismiss does James Reese mention removal of the case to this Court despite the fact that a federal civil rights claim is alleged against [him]."  Motion to Remand at 2.  May notes that nowhere in the Notice of Removal "do Defendants mention Defendant William Marion or explain the absence of Defendant Marion's position on removal."  Motion to Remand at 3.

May argues that the Defendants bear the burden of establishing their asserted basis for removing this action -- that the Court has original jurisdiction under 28 U.S.C. § 1441(a), as the allegations arise under the Constitution, laws, or treaties of the United States.  See Motion to Remand at 3-4.   May asserts that the Defendants must meet this burden given the Tenth Circuit's direction that "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal."  Motion to Remand at 4 (quoting Fajen v. Found Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).  She contends that, because removal is a statutory right, the party moving for removal must strictly adhere to the statutory procedural requirements in 28 U.S.C. § 1446.  See Motion to Remand at 4.  May argues that "[t]he failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."  Motion to Remand at 4-5 (quoting Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999)).  May asserts that "the case should be remanded because Defendant Oliver Reese's notice of removal is not in compliance with statutory requirements."  Motion to Remand at 5.

The first grounds on which May argues that the Court should remand the case is the Notice of Removal's failure to "affirmatively explain the absence of Defendant Marion's position on removal."  Motion to Remand at 5.  May notes that the Supreme Court of the United States construes 28 U.S.C. § 1446(a) as requiring all defendants to join a removal petition, but observes:

> "[S]ome courts have held that unserved defendants need not join the notice of removal" but "[w]hen fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal."

Motion to Remand at 5 (internal citations omitted)(quoting Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *6 (D.N.M. Apr. 30, 2009)(Browning, J.), and Brady v. Lovelace

Health Plan, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007)(Smith, J.)).   May refers the Court to

Washington v. Harris, 2011 WL 2174942 (D. Kan. June 3, 2011), where the United States District

Court for the District of Kansas determined that the notice of removal's failure to "explain the

absence of co-defendants, who had not been served at the time of removal . . ." caused the notice to

be defective and made "remand to State court appropriate."   Motion to Remand at 6-7 (quoting

Washington v. Harris, 2011 WL 2174942, at **1-2.).   May contends that, regardless whether

Marion had been served at the time O. Reese filed his Notice of Removal, failing to affirmatively

account for his absence from the Notice to Remand was a defect, and "such a defect is not minor

and requires that the case be remanded."   Motion to Remand at 7.

          May also argues that, because J. Reese filed a motion to dismiss or to transfer venue in state

court after the case became removable, J. Reese waived his right to remove the case to federal

court.   See Motion to Remand at 7.   May asserts that a defendant waives the right to remove a

case to a federal court once the defendant has demonstrated "a clear and unequivocal intent to

remain in state court," and that J. Reese "has waived his right to consent to removal by

affirmatively filing a Motion to Dismiss in state court that, at the very least, requests that this case

be litigated in state court in Cibola County."   Motion to Remand at 7-8 (quoting Zamora v. Wells

Fargo Home Mortg., 831 F. Supp. 2d 1284, 1291 (D.N.M. 2011)(Browning, J.)).   Further, May

asserts that, in light of J. Reese having consented to removal only after May filed her May's

Response to his J. Reese's Motion to Dismiss, the policy against forum-shopping counsels greatly

in favor of remand.   See Motion to Remand at 8 (citing Abraham v. Cracker Barrel Old Country

Store, Inc., 2011 WL 1790168, at *6 (E.D. Va. 2011)("[C]ourts have long recognized that the

guiding rationale behind the doctrine of waiver is concern for preventing a removing defendant

from testing the waters in state court and, finding the temperature not to its liking, beating a swift retreat to federal court.")).

May argues that the Defendants failed to adhere to the statutory procedure for removal provided in 28 U.S.C. § 1446(a) when O. Reese failed to "provide this Court with a copy of Plaintiff's Response to Defendant James Reese's [state court] Motion to Dismiss."  Motion to Remand at 8.   May points out that § 1446(a) requires removing defendants to provide the federal court with "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants in such action," and that the Defendants violated this requirement by failing to file May's Response with the Court.   Motion to Remand at 8-9 (quoting 28 U.S.C. § 1446(a)).   The Defendants' failure, she contends, "cannot be ignored as a mere technicality," but rather, because of the failure, the Court should remand the case.   Motion to Remand at 9 (quoting Andalusia Enters., Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007)).   Pursuant to 28 U.S.C. § 1447(c), May also requests the Court to award her costs, including reasonable attorneys' fees, incurred in connection with the removal and remand of her case.   See Motion to Remand at 9.

On August 6, 2012, J. Reese and O. Reese filed their Joint Response on Behalf of Defendants Oliver and James Reese in Opposition to Plaintiff's Motion to Remand.   See Doc. 22 ("Reeses' Response").   The Reeses point out that May, in her Motion to Remand, "does not dispute that her complaint raises a federal question and invokes federal jurisdiction."   Reeses' Response at 2.   They assert that removal of a case to federal court turns on "the timing of removal," and that "[t]here is a difference between a defect in removal procedure and a defect affecting subject matter jurisdiction."   Reeses' Response at 3-4.   They assert: "The nature of the

defect dictates the power of the federal court to remand the case to state court."   Reeses' Response

at 4 (citing Countryman v. Farmers Ins. Exch., 639 F.3d 1270 (10th Cir. 2011)).   The Reeses

contend that May's argument that J. Reese's Motion to Dismiss precludes removal fails for two

reasons:

> First, the doctrine of the "last served rule" provides that each Defendant has its own
> right of removal that begins at the time they are served. Therefore, James Reese's
> filing of a motion to dismiss has no effect on Oliver Reese's rights. Second, the
> filing of a motion to dismiss in state court does not waive a defendant's right to
> remove. A defendant only waives its right to removal by "demonstrating a clear and
> unequivocal intent to remain in state court."

Reeses' Response at 4 (quoting Aranda v. Foamex Int'l, No. CIV 12-0405 JB/ACT, 2012 U.S.

Dist. LEXIS 99414 (D.N.M. July 11, 2012)(Browning, J.)).   The Reeses argue that May's

reliance on Chavez v. Kincaid, 15 F. Supp. 2d 1118 (D.N.M. 1998)(Campos, J.), is misplaced,

because in Chavez v. Kincaid, the defendants served discovery on the plaintiffs and the

defendants' motion to dismiss in that case was on the merits, rather than venue, as J. Reese's is in

the state court case.   See Reeses' Response at 5.   They argue that May's reliance on Zamora v.

Wells Fargo Home Mortg. is equally uncompelling, because the Court concluded that the court

lacked subject-matter jurisdiction over the matter as there was no federal claim in the plaintiff's

"live pleadings"; here, the Reeses assert that there is no dispute about the Court having

subject-matter jurisdiction.   See Reeses' Response at 5.   The Reeses contend that, based on the

policy behind the last-served rule, "it would be fundamentally unfair for one defendant's filing of a

motion to operate as a waiver of all other defendants' right to remove before any other defendants

are served or even know about the lawsuit."   Reeses' Response at 5-6.

The Reeses argue that May's contention that the Court should remand, because of "a minor

defect, namely that a response it filed in state court was not sent to this Court by Defendant Oliver

Reese with the other removal documents," is unavailing.   Reeses' Response at 6.   They point out that the case upon which May relies to support her contention, <u>Andalusia Enters., Inc. v. Evanston Ins. Co.</u>, from the United States District Court for the Northern District of Alabama, "was criticized by a district court in this circuit that reached the opposite conclusion . . . that defendant's failure to attach the summons to its initial Notice of Removal does not deprive this Court of subject matter jurisdiction and does not require immediate remand."   Reeses' Response at 7 (quoting <u>Washington v. Harris</u>, 2011 WL 2174942, at *1).   They refer the Court to the United States Court of Appeals for the Fifth Circuit, which stated: "'A waiver of the right to remove must be clear and unequivocal; the right to remove is not lost by participating in state court proceedings short of seeking an adjudication on the merits.'"   Reeses' Response at 7 (quoting <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423, 428 (5th Cir. 2003)).

The Reeses assert that, because Marion had not been served, the Notice of Removal did not have to account for him, contending that "[i]t is clear that 'a defendant who has not been served by the plaintiff in the state action need not join in the notice of removal.'"   Reeses' Response at 7 (quoting <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534 (1939)).   They note that, almost immediately upon being served, Marion filed a separate consent to removal.   <u>See</u> Reeses' Response at 8 (citing to Marion's Notice of Consent to Removal, filed July 16, 2012 (Doc. 16)).   The Reeses argue that May's "argument is without merit because Marion has timely consented to removal, and subject matter jurisdiction indisputably exists based on federal question."   Reeses' Response at 8.   They contend that both <u>Washington v. Harris</u> and <u>Brady v. Lovelace Health Plan</u> support their position that remand is not required, because both cases acknowledge that a defendant who has not been served need not join in the notice of removal, and <u>Washington v. Harris</u> explicitly concludes "that

-11-

such minor defects do not require remand." Reeses' Response at 8 (quoting <u>Washington v. Harris</u>, 2011 WL 2174942, at *4). The Reeses thus assert that the Court should not remand the case to state court, and should also therefore deny May's requests for costs and fees. <u>See</u> Reeses' Response at 8.

On August 7, 2012, Defendants Board of County Commissioners of Cibola County and Cibola County Sheriff Johnny Valdez (collectively "Cibola County Defendants") filed Cibola County's Response in Opposition to Plaintiff's Motion to Remand. <u>See</u> Doc. 23 ("Cibola County's Response"). Cibola County incorporated and adopted Reeses' Response by reference. <u>See</u> Cibola County's Response at 1. The Cibola County Defendants assert that May knew she failed to serve Marion before O. Reese's thirty-day-right-to-remove period expired. <u>See</u> Cibola County's Response at 2. Also, after being served with process, Marion consented to removal within his thirty-day period under 28 U.S.C. § 1446(b). <u>See</u> Cibola County's Response at 2. Cibola County states:

> [T]he Supreme Court has made clear that under 28 U.S.C. § 1446(b), a defendant's 30-day right to remove begins only upon the formal service of process; other kinds of actual-notice of a state-court action -- such as the receipt of a faxed copy of a file-stamped complaint -- do not trigger the commencement of the 30-day period.

Cibola County's Response at 2 (citing <u>Murphy Bros., Inc . v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999)). According to the Cibola County Defendants, Marion's consent to removal, filed within thirty-days after he was served, was timely, effective, "in conjunction with the 'last served rule,'" and, given the Court's "subject-matter jurisdiction over the federal question set forth in the complaint, make the instant removal proper." Cibola County's Response at 2-3. The Cibola County Defendants therefore assert that the Court should deny May's Motion to Remand. <u>See</u> Cibola County's Response at 3.

-12-

On November 21, 2012, the Court held a hearing on the Motion to Remand.  The first issue addressed at the hearing was that the Defendants' Notice of Removal fails to affirmatively explain the absence of Marion's position on removal.  See Transcript of Hearing at 4:8-11 (taken on November 21, 2012)(Egan)("Tr.").[2]  May acknowledged both that Marion had not been served at the time the Notice of Removal was filed and that 28 U.S.C §1446 was amended at the beginning of 2012 to adopt a last-served rule.  See Tr. at 4:11-14 (Egan).  May argued, however, that there is case law stating that, even though a defendant who is unserved at the time of removal need not affirmatively consent to removal, the other defendants need to affirmatively explain a defendant's absence in the notice of remand.  See Tr. at 4:14-20 (Egan).  May asserted that courts, including the United States District Court for the District of New Mexico, in Brady v. Lovelace Health Plan, have held that defendants must make an affirmative statement that Marion has not been served, and, therefore, his consent cannot be provided at that time.  See Tr. at 4:22-5:3 (Egan).  May also stated that this Court, in cases such as Zamora v. Wells Fargo Home Mortg., has held that removal statutes should be strictly construed.  See Tr. at 5:14-16 (Egan).

The Court requested, and May provided, the statutory language of 28 U.S.C. §1446(b)(2)(A): "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." See Tr. at 6:17-22 (Egan)(quoting 28 U.S.C. §1446(b)(2)(A)).  May asserted that, while the statutory language does not expressly state that defendants who are removing the case must explain why other defendants are not providing their consent, it provides a justification for allowing the plaintiff to choose the forum.  Similarly, because removal is to be strictly construed and because

---

[2]  The Court's citations to the transcript of the hearing refer to the court's reporter's original unedited version.   Any final transcript may contain slightly different page and/or line numbers.

all ambiguities are resolved in favor of remand, courts have also looked to issues of comity and public policy reasons for justifications why plaintiffs should be able to choose the forum, and the Court should do so here.   See Tr. at 6:23-7:5 (Egan).   The Court questioned the purpose of a requirement that requires stating that a person has not been served rather than that the person agrees to the notice of removal.   See Tr. at 7:11-17 (Court).   May answered that the Court can readily determine by the notice of removal if there is an affirmative explanation regarding a defendant's absence.   See Tr. at 8:7-9 (Egan).   May also stated that the Honorable C. Leroy Hansen, Senior United States District Judge for the District of New Mexico, in Cordova v. State of New Mexico, 00-CIV-0356, Doc. 12 (D.N.M. June 7, 2000)(J., Hansen), on a motion to remand, discussed this concern of not being able to tell on the face of the notice alone whether one party has consented or not.   See Tr. at 8:10-14 (Egan).

May stated that there is a thirty-day time limit for defendants to file their consent and conceded that Marion had filed his consent by the time of the hearing, but asserted that the other defendants had a duty to explain the absence of Marion.   See Tr. at 8:23, 9:11-19 (Egan).   May argued that the fact that Marion's name is in the caption and there are multiple allegations against him would easily put the Defendants on notice that Marion will be a Defendant and that they should affirmatively explained his absence to the Court and other parties.   See Tr. at 10:3-8 (Egan).

O. Reese replied to May's first theory, stating that the notice of removal did not need to account for Marion, because, as May has conceded, he had not been served at the time.   See Tr. at 10:23-25 (Garcia).   O. Reese also asserted that May's argument is moot on this point, because Marion timely filed a joinder of removal and joined removal with the rest of the Defendants,

creating unanimity.   See Tr. at 11:5-8 (Garcia).   According to O. Reese, there is nothing in the

language of the statute that requires this affirmative statement of which May speaks.   See Tr. at

11:10-11 (Garcia).   Section 1446 states only that the notice of removal should contain a short and

plain statement of the grounds for justifying the removal, and their joint notice of removal contains

a short and plain statement of the grounds justifying removal.   See Tr. at 11:12-15 (Garcia).

O. Reese also asserted that the Brady v. Lovelace Health Plan and Washington v. Harris

decisions support removal; they acknowledge that a defendant who has not yet been served with

process is not required to join.   See Tr. at 11:17-20 (Garcia).   O. Reese pointed out that Brady v.

Lovelace Health Plan states: "[A] defendant who has not yet been served with process is not

required to join."   504 F. Supp. 2d at 1173.   According to O. Reese, this issue is something that

does not require remand; rather, it is at the Court's discretion.   See Tr. at 11:21-24 (Garcia).   O.

Reese distinguished Brady v. Lovelace Health Plan, which was remanded, because in the present

case, the Court has original jurisdiction, which case law makes clear that the Court has discretion

to keep such a case, because this defect would be considered one that does not affect the Court's

subject-matter jurisdiction over this case.   See Tr. at 12:11-18 (Garcia).

O. Reese asserted that precedent shows that the Court has the discretion to continue

presiding over this case and deny its remand back to the state court, because Marion had not been

served.   See Tr. at 13:11-13 (Garcia).   The Court questioned whether it had discretion and asked

whether, if there has been a defect, and the plaintiff has timely raised that issue, then the Court

would have to decide that issue -- either to keep the case or remand?   See Tr. at 13:14-19 (Court).

O. Reese responded that the Court has discretion simply because it is the Defendants' burden to

prove all jurisdictional facts, that they have established a right to removal, that they have

established that right by timely removing, and that all Defendants have joined under the last-served rule.   See Tr. at 13:21-25 (Garcia).

The Cibola County defendants argued that 28 U.S.C. §1446(b)(2)(A), the removal statute on which May relies, expressly suggests the contrary of May's contention when it states that all defendants who have been properly joined and served must join in or consent to the action's removal.   See Tr. at 14:17-21 (Dickman).   According to the Cibola County Defendants, the statute clearly suggests that a defendant who has not been served does not have to join, and that the supposed requirement that the other defendants account for him, which they would have no necessary way of knowing at that point whether he has been served, is unfounded.   See Tr. at 14:21-15:1 (Dickman).   The Cibola County Defendants also pointed out that there is no controlling precedent on point.   See Tr. at 15:22-25 (Dickman).   No Tenth Circuit or Supreme Court case has ever held that the petition must account for every defendant unserved for it to be a valid petition.   See Tr. at 15:22-25 (Dickman).   According to the Cibola County Defendants, every district court case that has come to the conclusion that May suggests were decided before the 2012 amendment adopting the last-served rule, which rule makes this argument illogical.   See Tr. at 16:1-6 (Dickman).   It is not disputed that this case was filed in 2012 and all the service of the Defendants happened in 2012 under the amended statute.   See Tr. at 16:7-9 (Dickman).

On this first issue, the Court asked whether some of the case law, by developing this rule, may be straying from the statutory language, and whether strictly construing the removal statutes means that a court should be hostile to removal.   See Tr. at 22:3-11 (Court).   The Court noted that both the Constitution and Congress have provided that the Court has jurisdiction over these cases. See Tr. at 22:11-13 (Court).   The Court stated its belief that a defendant does not need to account

-16-

for every one of the defendants in the notice of removal if they have not been served to advance the purpose of the unanimity rule or even the requirement that defendants have to show that they have met all the requirements for removal.   <u>See</u> Tr. at 22:18-23 (Court).   The Court noted that, as the Cibola County Defendants stated, the docket sheet indicates who has been served and who has not; therefore, it is not a mystery that the notice of removal needs to resolve.   <u>See</u> Tr. at 22:23-23:2 (Court).   The Court stated that it is uncertain what purpose this rule would serve, and it thought that the amendment solved this problem.   <u>See</u> Tr. at 23:3-6 (Court).   The Court stated it was thus not inclined to remand on this basis.   <u>See</u> Tr. at 23:7-8 (Court).

The second issue addressed at the hearing was J. Reese's waiver of the right to consent by filing his J. Reese's Motion to Dismiss in state court.   <u>See</u> Tr. at 23:7-8 (Court).   May argued that defendants cannot submit themselves to the state court's jurisdiction and then consent to removal. <u>See</u> Tr. at 23:22-23 (Egan).   May asserted that J. Reese's Motion to Dismiss affirmatively states a desire for the case to be dismissed and that May can re-file in Cibola County state district court, and, alternatively he asks the state court for a change of venue to Cibola County state district court. <u>See</u> Tr. at 24:11-14 (Egan).   According to May, that intention states an express desire to remain in Cibola County.   <u>See</u> Tr. at 24:14-15 (Egan).

The Court asked what substantive grounds J. Reese's Motion to Dismiss raised.   <u>See</u> Tr. at 24:17-18 (Court).   May answered that the substantive ground is that venue lies in Cibola County, because none of the acts occurred in Santa Fe County.   <u>See</u> Tr. at 24:20-21 (Egan).   May argued, however, that, under the NMTA, any claim against a state agency, which May alleges the District Attorney's Office is, because the New Mexico Constitution refers to it as a state agency, would provide jurisdiction in the Santa Fe First Judicial District.   <u>See</u> Tr. at 24:21-25 (Egan).

The Court asked whether there is a waiver after the state judge begins doing things in the case, because J. Reese appears to have asked the state court to decide a state issue -- whether to move the case from one county to another. <u>See</u> Tr. at 26:15-21 (Court). The Court noted, however, that the state judge did not do anything in this case. <u>See</u> Tr. at 27:12-13 (Court).

May asserted that J. Reese's Motion to Dismiss affirmatively states that J. Reese has a desire to litigate the case in state court, and any ambiguities whether J. Reese's conduct evince such a desire should be resolved in favor of removal. <u>See</u> Tr. at 28:7-14 (Egan). The Court asked the nature of the dispute in the motion to dismiss, and May stated that it is a venue dispute. <u>See</u> Tr. at 28:21-23 (Court, Egan).

May stated that, in <u>Chavez v. Kincaid</u>, the motion to dismiss combined with interrogatories and other activity in the case was enough to show an intent to remain in state court, and that J. Reese's Motion to Dismiss is indistinguishable, especially when the defendant has a statutory right to removal. <u>See</u> Tr. at 29:10-16 (Egan). The Court asked whether, assuming this motion constitutes a waiver of the right to remove, it necessarily waived the right to consent. <u>See</u> Tr. at 29:20-22 (Court). May argued that J. Reese's Motion to Dismiss constitutes a waiver of right to removal and to consent. <u>See</u> Tr. at 29:23 (Egan). May alleged that, once a defendant avails himself or herself of the state court, and shows an intention to remain in state court, he or she cannot have a change of mind, and, because consent of all defendants is required for the rule of unanimity, J. Reese is providing consent after he stated his desire to remain in state court, which is not permitted. <u>See</u> Tr. at 30:17-23 (Egan). The Court stated that it would prejudice every defendant's ability to remove if one defendant in a multi-defendant case did anything in state court. <u>See</u> Tr. at 31:2-5 (Court).

O. Reese replied to May's second theory, stating that J. Reese's Motion to Dismiss does not affect removal for two reasons. First, because of the last-served rule and the fact the each defendant has its own right of removal, it would be fundamentally unfair for any single defendant filing a motion to dismiss to waive all of the other defendants' right before they were served. Second, O Reese intended that the motion was not a motion to change venue or a motion to litigate the case on the merits; rather, it was only a motion to dismiss the case because it was improperly filed.  See Tr. at 33:5-13; 34:2-7 (Garcia).   Regarding the first reason, the Court stated that the Court is not certain it would be fundamentally unfair given that every defendant has the right to ruin the other defendants' right to removal by simply denying consent.  See Tr. at 33:14-17 (Court).

Regarding the second reason, O. Reese stated that J. Reese did not file an answer, do discovery, and then file a motion to dismiss.  See Tr. at 34:13:15 (Garcia).  The present case is thus unlike Chavez v. Kincaid, where the defendants had served the plaintiff with discovery requests and filed a motion to dismiss that submitted the merits of the lawsuit to the court, and the court scheduled a hearing in that case; because all of these actions manifested an intent to remain in state court, there was therefore a waiver.  See Tr. at 34:13-20 (Garcia).  O. Reese alleges that the Complaint and J. Reese's Motion to Dismiss here is not the same as Chavez v. Kincaid, and filing the motion was not enough to establish an intent to remain in state court.  See Tr. at 34:21-23 (Garcia).  O. Reese stated that the transfer of venue was an alternative relief sought in J. Reese's Motion to Dismiss, and that J. Reese was first seeking dismissal. See Tr. at 35:10-11; 36:9-10 (Garcia).

The Cibola County Defendants argued that one of the advantages of the last-served rule is

that it requires an unequivocal express position on the removal. See Tr. at 40:25-41:2 (Dickman). Within thirty days after someone removes, everyone must take a position.  See Tr. at 41:2-3 (Dickman).   According to the Cibola County Defendants, J. Reese's intent is not ambiguous, because he consented to removal and he was the one who was last served.  See Tr. at 41:9-16 (Dickman).

May asserted that the last-served rule -- that each defendant has a right to remove within thirty days of service -- does not necessarily trump the rule that one defendant can waive its right to consent.  See Tr. at 43:15-19 (Egan).  May argued that Zamora v. Wells Fargo Home Mortg. stated that, once a claim for enforcement of a federal right has been made in a state tribunal, a defendant waives the defendant's right to removal by demonstrating a clear and unequivocal intent to stay.  See Tr. at 43:19-23 (Egan).

The Court then stated that it would take this second theory for remand under advisement, and would have to determine whether, if this was not a multi-defendant case, but was a case against only J. Reese, his conduct was enough to waive his right to removal.  See Tr. at 45:1-6 (Court).  The Court stated that waiver is on a spectrum, and it believes a motion to dismiss or transfer could be a waiver.  See Tr. at 45:8-9 (Court).   The Court stated that its inclination is that, in the practicalities of state practice in New Mexico, simply filing a motion to dismiss, to transfer, or for alternative relief is not enough to demonstrate a clear and unequivocal intent to remain in state court.  See Tr. at 45:10-14 (Court).   Such a motion is more a statement that it should not be in that particular state court, rather than an affirmative statement vis-à-vis the federal court.  See Tr. at 45:16-19 (Court).   The Court stated that the second issue it would need to decide is whether J. Reese waived his ability to consent, if he waived his right to remove.  See Tr. at 45:23-24

-20-

(Court).   The Court questioned whether, because parties have a one-year limitation to remove, and because the parties are probably litigating within that year, waiving the right to remove waives the ability to consent.   See Tr. at 46:11-14 (Court).

The final theory for remand addressed at the hearing was the Defendants' failure to provide the Court a copy of May's Response to J. Reese's Motion to Dismiss.   See Tr. at 47:3-5 (Court). May asserted that this defect ties into the second reason to remand.   See Tr. at 47:8-9 (Egan). May asserted that the United States District Court for the Southern District of Alabama has stated that courts cannot ignore §1446(a)'s requirements, and that one of those requirements is that defendants have to attach copies of all process, pleadings, and the like.   See Tr. at 48:10-13 (Egan).   May contended that the issues coalesce, and none are minor, but, if one is a minor issue, the issues here combined should counsel to remand.   See Tr. at 48:16-21 (Egan).   May acknowledged that the Court has copies of all of the process, pleadings, and orders at this stage. See Tr. at 49:1 (Egan).   According to May, the Honorable Paul Kelly, United States Circuit Judge, in Countryman v. Farmers Ins. Exch., 639 F.3d 1270 (10th Cir. 2011), created a de minimis test and ruled that the failure to attach the state court summons to a notice of removal was a de minimis procedural defect, but May stated that she believes Countryman v. Farmers Ins. Exch. is distinguishable.   See Tr. at 49:11-16; 49:24 (Egan).

O. Reese responded that, while a single response was omitted from the initial paperwork, the case law clearly shows that the fact a single response was omitted does not mandate a remand. See Tr. at 52:8-10 (Garcia).   O. Reese asserted that the Tenth Circuit has ruled that leaving out a pleading on the paperwork is de minimis.   See Tr. at 52:11-12 (Garcia).   O. Reese added that, in other courts, omission of paper has been referred to as a minor defect, but Judge Kelly referred to it

-21-

as de minimis.   See Tr. at 52:12-14 (Garcia).   According to O. Reese, it is not something that requires remand.   See Tr. at 52:15 (Garcia).   O. Reese referred the Court to Washington v. Harris, a District of Kansas case, which states that the court joined the districts which refused to require remand because of a defendant's failure to attach process, and concludes that a defendant's failure to attach does not deprive the court of subject-matter jurisdiction.   See Tr. at 52:18-23 (Garcia).

According to the Cibola County Defendants, the totality of the removal statute makes it clear that there is not a requirement that all records be filed contemporaneously with the notice of removal.   See Tr. at 55:23-56:1 (Dickman).   May pointed out that she provided the Court with a copy of May's Response as an attachment to the Motion to Remand.   See Tr. at 58:20 (Egan). The Court read D.N.M. LR-Civ. 81.1, which provides: "A party removing an action under 28 U.S.C. § 1446 must file with the Clerk legible copies of records and proceedings from the state court action within twenty-eight days after filing notice of removal."   Tr. at 59:4-11 (Court).   The Court stated that the local rule does not require simultaneous filing -- it says twenty-eight days. See Tr. at 95:12-13.   May pointed out that the Motion to Remand was filed on July 13, 2012, and the notice of removal was filed on June 22, 2012, which is less than twenty-eight days.   See Tr. at 59:17-22 (Egan).   The Court stated that it is not inclined to remand the case on this basis, because the Tenth Circuit has given a de minimis standard.   See Tr. at 60:22-25 (Court).   All documents were before the Court within twenty-eight days, regardless whether the Defendants filed them. See Tr. at 60:25-61:3 (Court).   The Court stated it is thus inclined to deny the Motion to Remand. See Tr. at 61:10-11 (Court).

The Court suggested, because it was inclined to deny the Motion to Remand, going ahead

with the scheduling order.   See Tr. at 61:19-25 (Court).   May agreed to a scheduling conference, but did not want to avail herself of federal jurisdiction.   See Tr. at 63:21-25 (Egan).   The Court suggested, and everyone agreed, that whatever May does will not constitute a waiver.   See Tr. at 64:2-9 (Court, Dickman, Garcia, Egan).

## RELEVANT LAW REGARDING REMOVAL

"If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court 'embracing the place where such action is pending.'" Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *4 (D.N.M. Aug. 27, 2012)(Browning, J.)(citing 28 U.S.C. § 1441(a)); see Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1076 (10th Cir. 1999)).   Defendants may remove a civil action to federal court where the district court would have original jurisdiction over the case.   Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d at 1076 (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).   Nonetheless, a presumption against removal jurisdiction exists, and federal courts "are to . . . narrowly [construe removal statutes] in light of our constitutional role as limited tribunals."   Pritchett v. Office Depot, Inc., 404 F.3d 1090, 1095 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal."   Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).   The defendant seeking to remove an action to federal court bears the burden of establishing the district court's subject-matter jurisdiction over the case.   See Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

     **1.**        **The Presumption Against Removal.**

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction which the defendant seeking removal must overcome.  See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Fajen v. Found. Reserve Ins. Co ., 683 F.2d at 333; Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.").  The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence."  McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008).  See also Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").  Because federal courts are courts of limited jurisdiction, the Tenth Circuit has ruled that "courts must deny such jurisdiction if not affirmatively apparent on the record."  Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005)(unpublished).[3]

**2.**    **Procedural Requirements for Removal.**

---

[3] Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . .  However, if an unpublished opinion . . .  has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.; Browning v. Am. Family Mut. Ins. Co., 196 F. App'x 496, 505-06 (10th Cir. 2010)(unpublished); Jenkins v. MTGLQ Investors, 218 F. App'x. 719, 723 (10th Cir. 2007)(unpublished); Watkins v. Terminix Int'l Co., Nos. CIV 96-3053, 96-3078, 1997 WL 34676226, at *2 (10th Cir. May 22, 1997)(per curiam)(unpublished); Sheldon v. Khanal, 10-3237, 2012 WL 5860560 (10th Cir. Nov. 20, 2012)(unpublished), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion.

Section 1446 of Title 28 of the United States Code governs the procedure for removal. "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed." Thompson v. Intel Corp., 2012 WL 3860748, at *5. A removal which does not comply with the express statutory requirements is defective, and the case must be remanded to state court. See Huffman v. Saul Holdings Ltd. P'ship, 194 F .3d at 1077. See also Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The [r]ight to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Section 1446(a) of Title 28 of the United States Code provides that a party seeking removal of a matter to federal court shall file a notice of removal in the district and division where the state action is pending, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Such notice of removal is proper if filed within thirty-days from the date when the case qualifies for federal jurisdiction. See Caterpillar Inc. v. Lewis, 519 U.S. at 68-69; 28 U.S.C. § 1446(b). The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the pleading itself" that federal jurisdiction is available. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998). The Tenth Circuit specifically disagrees with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist." Akin v. Ashland Chem. Co., 156 F.3d at 1036. Section 1446(b) provides that a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action."

  **3.**  **Amendment of the Notice of Removal.**

In Caterpillar, Inc. v. Lewis, the Supreme Court of the United States held that a defect in subject-matter jurisdiction cured before entry of judgment did not warrant reversal or remand to state court.   See 519 U.S. at 70-78.   Citing Caterpillar, Inc. v. Lewis, the Tenth Circuit has held that "a defect in removal procedure, standing alone, is not sufficient to warrant vacating judgment and remand to state court if subject matter jurisdiction existed in the federal court."   Browning v. Am. Family Mut. Ins. Co., 196 F. App'x 496, 505-06 (10th Cir. 2010)(unpublished).   In McMahon v. Bunn-O-Matic Corp., 150 F.3d 651 (7th Cir. 1998)(Easterbrook, J.), the United States Court of Appeals for the Seventh Circuit noticed on appeal defects in the notice of removal, including that the notice failed to properly allege diversity of citizenship.   See 150 F.3d at 653 ("As it happens, no one paid attention to subject-matter jurisdiction . . . .").   The Seventh Circuit nevertheless permitted the defective notice of removal to be amended on appeal to properly establish subject-matter jurisdiction.   See 150 F.3d at 653-54.

The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal.   See Jenkins v. MTGLQ Investors, 218 F. App'x. 719, 723 (10th Cir. 2007)(unpublished)(granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Watkins v. Terminix Int'l Co., Nos. CIV 96‒3053, 96‒3078, 1997 WL 34676226, at *2 (10th Cir. May 22, 1997)(per curiam)(unpublished)(reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W.R.R. Co., 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").   The Tenth Circuit has further reasoned that

-26-

disallowing amendments to the notice of removal, even after the thirty-day removal window had

expired, when the defendant made simple errors in its jurisdictional allegations, "would be too

grudging with reference to the controlling statute, too prone to equate imperfect allegations of

jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt

form over substance and legal flaw-picking over the orderly disposition of cases properly

committed to federal courts."   Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th Cir.

1968).   The Tenth Circuit noted that a simple error in a jurisdictional allegation included failing to

identify a corporation's principal place of business or referring to an individual's state of residence

rather than citizenship.   Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 301.   In McEntire v.

Kmart Corp., No. CIV 09-0567 JB/LAM, 2010 WL 553443 (D.N.M. Feb. 9, 2010)(Browning, J.),

when faced with insufficient allegations in the notice of removal -- allegations of "residence" not

"citizenship" -- the Court granted the defendants leave to amend their notice of removal to cure the

errors in some of the "formalistic technical requirements."   2010 WL 553443, at *8 (citing

Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300-02 (10th Cir. 1968)).   Further, in

Thompson v. Intel Corp., this Court permitted the defendant, Intel Corp., to amend its notice of

removal to include missing jurisdictional elements, including evidence that its principal place of

business and corporate headquarters -- the center of Intel Corp.'s direction, control, and

coordination of activities -- is out of state, so that the diversity requirements were met.   See 2012

WL 3860748, at *1.

There are limits to the defects which may be cured by an amended notice of removal,

however, as Professors Charles Allen Wright and Arthur R. Miller explain:

> [A]n amendment of the removal notice may seek to accomplish any of several
> objectives: It may correct an imperfect statement of citizenship, state the previously

articulated grounds more fully, or clarify the jurisdictional amount. In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3733, at 651-659 (4th ed. 2009)(footnotes omitted).   Professor Moore has similarly recognized: "[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."   16 James W. Moore, Moore's Federal Practice § 107.30[2][a][iv], at 107-184 (3d ed. 2012).   Thus, where diversity jurisdiction is asserted as a basis for removal of an action to federal court, the district court may permit the removing defendant to amend its removal notice, if necessary, to fully allege facts which satisfy the requirements of diversity jurisdiction by a preponderance of the evidence.

## 4.      Consideration of Post-Removal Evidence.

As the Court explained in Thompson v. Intel Corp., the Tenth Circuit looks to both evidence in the complaint, and submitted after the complaint, in determining whether the criteria necessary for removal are met.   See Thompson v. Intel Corp., 2012 WL 3860748, at *8 (citing McPhail v. Deere & Co., 529 F.3d at 956).   The Tenth Circuit explained in McPhail v. Deere & Co. that a district court may have evidence presented to a district court after a notice of removal has been filed, even if produced at a hearing on subject-matter jurisdiction, to determine if the jurisdictional requirements are met.   See 529 F.3d at 593.   "[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy -- either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward."   McPhail v. Deere & Co., 529 F.3d at 593 (citing Meridian

Secs. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006)(Easterbrook, J.), and Manguno v.

Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).   As the Court has explained,

"the Seventh Circuit, on which the Tenth Circuit has heavily relied when addressing the amount in

controversy, has recognized that 'events subsequent to removal may clarify what the plaintiff was

actually seeking when the case was removed.'"   Aranda v. Foamex Int'l, No. CIV 12-0405

JB/ACT, 2012 WL 2923183, at *18 (D.N.M. July 11, 2012)(Browning, J.)(quoting Carroll v.

Stryker Corp., 658 F.3d 675, 681 (7th Cir. 2011)).[4]   Thus, when determining if the requirements

_____

[4]The Court has found that the language in McPhail v. Deere & Co., to some extent, conflicts with older Tenth Circuit decisions, but nevertheless defines the scope of evidence a district court may consider when determining its jurisdiction over a matter removed from state court:

> McPhail v. Deere & Co. appears to conflict with the Tenth Circuit's previous decisions in Laughlin v. Kmart Corp., and Martin v. Franklin Capital Corp.. In Laughlin v. Kmart Corp., the Tenth Circuit held that "Kmart's economic analysis of Laughlin's claims for damages prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum does not establish the existence of jurisdiction at the time the motion was made." 50 F.3d at 873. In Martin v. Franklin Capital Corp., the Tenth Circuit held that the defendant's summary of the allegations and the requested relief "[did] not provide the requisite facts lacking in the complaint." 251 F.3d at 1291.

Aranda v. Foamex Int'l, 2012 WL 2923183, at * 15.   The Court explained that, although there is some conflicting precedent within the Tenth Circuit on this matter, in light of the Tenth Circuit's clarification of its precedents in McPhail v. Deere & Co., it is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists.   Aranda v. Foamex Int'l, 2012 WL 2923183, at *11-12.   Indeed, the Tenth Circuit admitted that its "opinions have not been entirely clear on [this amount-in-controversy] issue," but held that its ruling in McPhail v. Deere & Co. was consistent with the Tenth Circuit's prior holdings and analysis.   McPhail v. Deere & Co., 529 F.3d at 954-55.   Describing its holding in Martin v. Franklin Capital Corp., in which the Tenth Circuit stated that a defendant must "establish the jurisdictional amount by a preponderance of the evidence," the Tenth Circuit said "it would have been more precise to say that the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play, which the defendants in Martin failed to do."   McPhail v. Deere & Co., 529 F.3d at 955 (emphasis in original). With respect to Laughlin v. Kmart Corp., the Tenth Circuit clarified that it was "presented with a petition and a notice of removal that both only referred to

-29-

for federal jurisdiction are met in a matter removed from state court, a district court may consider evidence submitted after removal.   See Thompson v. Intel Corp., 2012 WL 3860748, at *14 ("[I]t is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists.").

    **5.**     **Consent to Removal.**

     "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A).   The last-served rule provides that each defendant has a right to remove within thirty days of service.   See 28 U.S.C. §1446(b)(2)(B).   Remand is required if all of the defendants fail to consent to the petition for removal within the thirty-day period.   Bonadeo v. Lujan, 2009 WL 1324119 at *6.   "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." Brady v. Lovelace Health Plan, 504 F. Supp. 2d at 1172-73 (citing Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)).

     Courts generally refer to the requirement that all defendants served at the time of filing must join in the notice of removal as the "unanimity rule."   McShares, Inc. v. Barry, 979 F. Supp.

---

damages in excess of $10,000."   McPhail v. Deere & Co., 529 F.3d at 955.   Furthermore, the notice of removal in Laughlin v. Kmart Corp. referred only to the removal statute and "thus no jurisdictional amounts are incorporated into the removal notice by reference to the statute." Laughlin v. Kmart Corp., 50 F.3d at 873.   Accordingly, even though there appears to be some tension between these decisions, because the Tenth Circuit, in McPhail v. Deere & Co., characterized its holding as consistent with its prior decisions, and because McPhail v. Deere & Co. is the Tenth Circuit's most recent, and most thorough, discussion of how to determine the amount in controversy, the Court will focus its analysis on that case.   The Court thus finds that the Tenth Circuit's approach in Laughlin v. Kmart is "one of the most restrictive approaches to removal," and that the Tenth Circuit has clarified its stance to allow a court to consider post-removal evidence when determining if federal court jurisdictional requirements are met. Aranda v. Foamex Int'l, 2012 WL 2923183, at n.11.

1228, 1342 (D. Kan. 1997)(citations omitted).   The unanimity requirement, however, is excused under two circumstances: "First, a nominal or formal party is not required to join in the petition for removal.   Second, a defendant who has not yet been served with process is not required to join." Brady v. Lovelace Health Plan, 504 F. Supp. at 1173.

The Tenth Circuit has held that a defendant's consent to removal was not necessary where he had not been served at the time another defendant filed its notice of removal.   See Sheldon v. Khanal, 10-3237, 2012 WL 5860560 (10th Cir. Nov. 20, 2012)(unpublished). In Sheldon v. Khanal, the plaintiff argued that the case should be remanded to state court, because one of the defendants did not join the notice of removal.   See Sheldon v. Khanal, 2012 WL 5860560 at *4. The Honorable Harris L. Hartz, United State Circuit Judge, stated: "We reject the argument as contrary to the clear statutory language requiring only served defendants to consent to removal." Sheldon v. Khanal, 2012 WL 5860560 at *4.

The Court has stated: "[W]hile the federal courts strictly construe the removal statutes and there is a presumption against removal, the Court should not use these rules of construction to manufacture rules that Congress did not require, that are not necessary to enforce the statutes, and are contrary to normal federal practice."   Roybal v. City of Albuquerque, No. CIV 08-0181 JB/GBW, 2008 WL 5991063, at *8 (D.N.M. Sept. 24, 2008)(Browning, J.).   "Strict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal, creating procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants."   Tresco, Inc. v. Cont'l Cas. Co., 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010)(Browning, J.).

In Tresco, Inc. v. Cont'l Cas. Co., the plaintiff filed suit against defendants National Union

Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") and Continental Casualty Company ("CNA").  <u>See</u> 727 F. Supp. 2d at 1245.  National Union filed a Notice of Removal with the federal court within thirty days of when it was served.  <u>See</u> 727 F. Supp. 2d at 1245.  Its Notice of Removal stated that National Union obtained CNA's consent to removal.  <u>See</u> 727 F. Supp. 2d at 1245.  Thus, National Union obtained unanimity.  <u>See</u> 727 F. Supp. 2d at 1245.  The plaintiff moved the Court to remand, arguing that CNA did not indicate his consent by signing the notice of removal or by filing a separate document indicating consent within thirty days of the date that defendant was served.  <u>See</u> 727 F. Supp. 2d at 1245.  The Court denied the motion to remand, holding that neither the statute nor the Tenth Circuit requires a separate signature or signed document to indicate consent.  <u>See</u> 727 F. Supp. 2d at 1245.  The Court concluded that not requiring each defendant to either sign the removal petition or independently submit a notice of consent in writing did not run counter to the principle that removal statutes be strictly construed, with all doubts resolved against removal, because the statute is not ambiguous, but silent.  <u>See</u> 727 F. Supp. 2d at 1255.  The statute does not require the rule that the plaintiff requested.  <u>See</u> 727 F. Supp. 2d at 1255.  The Court concluded that, strictly construing the statute, with no Tenth Circuit law to the contrary, a notice of removal can be effective without individual consent documents from each defendant.  <u>See</u> 727 F. Supp. 2d at 1255.  The Court recognized that federal courts often rely on representations of counsel without requiring separate signed documents, and concluded that those representations are sufficient in the removal consent context:

> "[F]ederal courts often rely on the representations of counsel about other parties. . . . parties frequently submit unopposed motions, stating that the other parties do not oppose. Rarely is there any problem, and if there is, a federal court has an abundant reservoir of powers to remedy misrepresentations. Representations by counsel, signed under rule 11, are sufficient to deal with the primary concern animating the judicial creation of restrictions on removal."

727 F. Supp. 2d at 1250 (quoting Roybal v. City of Albuquerque, 2008 WL 5991063, at *8).

**6.      Waiver of the Right to Remove.**

The right to remove may be waived.   See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077 (noting that a defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court).   Cf. Akin v. Ashland Chem. Co., 156 F.3d at 1036 & n.7 (ruling, in response to assertion made in motion to remand that one of the defendants had waived its right to removal by moving for summary judgment in state court, "that a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove," and applying the principle, after the plaintiff amended her complaint in federal court, that "once [plaintiff] decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there" (internal quotation marks omitted)).

In Zamora v. Wells Fargo Home Mortg., the Court stated that, once a claim for enforcement of a federal right has been made in a state tribunal, a defendant waives his right to removal by demonstrating a clear and unequivocal intent to stay. See 831 F. Supp. 2d at 1291. See also Aqualon v. Mac Equip., Inc., 149 F.3d 262, 264 (4th Cir.1998)("'[A]lthough a defendant may yet waive its 30-day right to removal [under 28 U.S.C. § 1446(b), after federal jurisdiction becomes appropriate] by demonstrating a 'clear and unequivocal' intent to remain in state court, such a waiver should only be found in 'extreme situations.'")(quoting Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991)).   Courts have found that a clear intent to remain in state court may be shown by taking "substantial defensive action" before removal, Aqualon v. Mac Equip., Inc., 149 F.3d at 264, or by seeking a final determination on the merits of the case before removal,

see Wolfe v. Wal-Mart Corp., 133 F. Supp. 2d 889, 893 (N.D.W.Va. 2001)(holding that filing a motion for summary judgment in state court constituted waiver).   As the United States District Court for the Western District of Virginia stated in Sayre Enter., Inc. v. Allstate Ins. Co., 448 F.Supp.2d 733 (W.D. Va. 2006):

> If a defendant could remove a case to federal court after a final and unfavorable determination had been made on the merits of the case in state court, he would be able to litigate the same case twice.   This situation is precisely what must be avoided in the interests of judicial economy, fairness, convenience, and comity.

448 F. Supp. 2d at 735.   See Haynes v. Gasoline Marketers, Inc., 184 F.R.D. 414, 416 (M.D. Ala. 1999)(finding that the defendant did not waive its right to remove, because filing an answer in state court was not a manifestation of clear and unequivocal intent to litigate on the merits in state court); Chavez v. Kincaid, 15 F. Supp. 2d at 1125 (finding waiver of right to remove when defendant served discovery requests, made a motion to dismiss, and scheduled a hearing on the motion after it should have ascertained its removal right but before it filed its notice of removal). As to the timing of the waiver, a defendant can waive the right to remove only by litigating after the case actually becomes removable.   See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); 28 U.S.C. § 1446(b).

In Akin v. Ashland Chem. Co., one defendant was not barred from consenting to removal when it had previously filed a motion for summary judgment in state court.   See 156 F.3d at 1036. The Tenth Circuit held that "a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of

adequate notice of the right to remove."   156 F.3d at 1036.   The complaint alleged that the underlying injuries were sustained "'while working at' Tinker Air Force Base," and the Tenth Circuit concluded that ambiguity arising from the word "at" -- as it could have been a geographic or durational modifier -- prevented the defendants from receiving adequate notice that the case was removal until a later interrogatory answer in discovery.   156 F.3d at 1035.

## ANALYSIS

The Court finds that J. Reese did not waive his removal right by filing a motion to dismiss in state court.   Filing a motion to dismiss for improper venue, in one district in state court, is not enough to demonstrate a clear and unequivocal intent to remain in state court.   The Court also concludes that effective removal does not require an affirmative explanation for Marion's absence in the Notice of Removal.   Because neither the statute nor the Tenth Circuit require such action, the Defendants need not, to advance the purpose of the unanimity, account for every Defendant in the notice of removal if the Defendant has not yet been served.   The Court further concludes that, although the Defendants failed to provide the Court with a copy of May's Response to J. Reese's Motion to Dismiss, the Court is not required to remand to state court and will not do so.   Under the Tenth Circuit's de minimis standard, the Defendants' failure to provide the Court with May's Response to J. Reese's Motion to Dismiss is a de minimis procedural defect that does not require remand to state court.   It is curable and was cured when May provided the Court with a copy of May's Response within twenty-eight days of filing the removal notice.   The Court will thus deny May's Motion to Remand.

I.   **J. REESE DID NOT WAIVE HIS RIGHT TO CONSENT TO REMOVAL BY FILING J. REESE'S MOTION TO DISMISS IN STATE COURT, BECAUSE THAT CONDUCT IS NOT ENOUGH TO DEMONSTRATE A CLEAR-AND-<u>UNEQUIVOCAL INTENT TO REMAIN IN STATE COURT</u>.**

-35-

May argues that, because J. Reese filed a motion to dismiss for improper venue in state court after the case became removable, J. Reese waived his right to remove the case to federal court.  See Motion to Remand at 7.  May asserts that a defendant waives the right to remove a case to a federal court once the defendant has demonstrated "a clear and unequivocal intent to remain in state court," and that J. Reese "has waived his right to consent to removal by affirmatively filing a Motion to Dismiss in state court that, at the very least, requests that this case be litigated in state court in Cibola County . . . ."  Motion to Remand at 7-8 (quoting Zamora v. Wells Fargo Home Mortg., 831 F. Supp. 2d at 1291).  The Reeses argue that May's argument, that J. Reese's state court motion to dismiss precludes removal, fails for two reasons:

> First, the doctrine of the 'last served rule' provides that each Defendant has its own right of removal that begins at the time they are served.  Therefore, James Reese's filing of a motion to dismiss has no effect on Oliver Reese's rights.  Second, the filing of a motion to dismiss in state court does not waive a defendant's right to remove.  A defendant only waives its right to removal by "demonstrating a clear and unequivocal intent to remain in state court."

Reeses' Response at 4 (quoting Aranda v. Foamex Int'l, 2012 U.S. Dist. LEXIS 99414).  The Court finds that filing a motion to dismiss in state court is not enough to demonstrate a clear-and-unequivocal intent to remain in state court.

The right to remove may be waived.  See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077 (noting that a defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court).  Once a defendant asserts the right to enforcement of a federal right in a state tribunal, a defendant waives his right to removal by demonstrating a clear-and-unequivocal intent to stay.  See Zamora v. Wells Fargo Home Mortg., 831 F. Supp. 2d at 1291.  Courts have found a clear intent to remain in state court may be shown by taking

-36-

"substantial defensive action" before removal, Aqualon v. Mac Equip., Inc., 149 F.3d at 264, or by seeking a final determination on the merits of the case before removal, see Wolfe v. Wal-Mart Corp., 133 F.Supp.2d at 893 (holding that filing a motion for summary judgment in state court constituted waiver).

In Chavez v. Kincaid, the Honorable Santiago E. Campos, then-Senior United States District Judge for the District of New Mexico, found waiver of right to remove when the defendants served discovery requests, made a motion to dismiss, and the state court, pursuant to the defendants' request, scheduled a hearing on the motion after it should have ascertained its removal right, but before it filed its notice of removal.   See 15 F. Supp. 2d at 1125.   Not only did the defendants submit a motion to dismiss, but filed a twenty-four page supporting brief and asked the court to schedule a hearing.   See 15 F. Supp. 2d at 1125.   The defendants' actions "manifested a clear and unequivocal intent to proceed on the merits" of the case in state court.   15 F. Supp. 2d at 1125.   The defendants' Notice of Removal was not only untimely, but by proceeding in state court after they were aware of possible federal question issues, they waived their right to remove.   See 15 F. Supp. 2d at 1125.

In Stark-Romero v. National R.R. Passenger Co., 763 F. Supp. 2d 1231, 1280 (D.N.M. 2011)(Browning, J.), the defendants did not waive their right to remove state court intervenors' wrongful death action by litigating in state court after receiving service of intervenors' complaint-in-intervention and summons.   The Court reasoned that, even if the defendants filed an exhibit list in state court after the action became removable, filing of the exhibit list was not a substantial defensive action which demonstrated a clear-and-unequivocal intent to remain in state court.   See 763 F. Supp. 2d at 1280.

-37-

It should take at least as much, if not more, action in state court to waive the right to consent, as it does to waive the removal right.   The Court should be especially reluctant to take away one defendant's Congressionally-bestowed right to remove because of another defendant's actions.   A defendant may not itself want to remove, but does not mind consenting to another defendant's request to remove.   Defendants often cooperate.   The defendant was not barred from consenting to removal in Akin v. Ashland Chem. Co. when it had previously filed motion for summary judgment in state court.   J. Reese is not barred from consenting to removal here when he had previously filed a motion to dismiss in state court.   Unlike Chavez v. Kincaid, where the defendants had served the plaintiff with discovery requests and filed a motion to dismiss which submitted the merits of the lawsuit before the Court, and the Court scheduled a hearing in that case, here, J. Reese filed a motion to dismiss only.   The totality of the defendants' actions in Chavez v. Kincaid manifested an intent to remain in state court, and there was thus a waiver.   The motion to dismiss here is not analogous to the motion in Chavez v. Kincaid, because J. Reese's Motion to Dismiss does not submit the merits of the case to the state court, but only points out that the venue is not proper.   Filing J. Reese's Motion to Dismiss was not enough to demonstrate the required clear-and-unequivocal intent to remain in state court.   J. Reese's Motion to Dismiss was seeking dismissal, with alternative relief of a transfer of venue.   This motion is more of a statement that the case should not be in that particular state judicial district, rather than a clear-and-equivocal intent to remain in state court rather than federal court.   The defendants did not waive their right to remove the case to federal court by litigating in state court in Stark-Romero v. National R.R. Passenger Co., where they filed an exhibit list in state court after the action became removable. Although the case was removable at the time, J. Reese similarly did not waive his right to consent

to removal.   The Court, therefore, concludes that J. Reese did not waive his right to consent to removal.

## II.   THE DEFENDANTS' FAILURE TO AFFIRMATIVELY EXPLAIN MARION'S ABSENCE IN THE NOTICE OF REMOVAL DOES NOT REQUIRE REMAND.

May argues that the Court should remand the case to state court, because the Defendants' Notice of Removal fails to account for the absence of Marion's position on removal.   May contends that, regardless whether Marion had been served at the time O. Reese filed his Notice of Removal, failing to affirmatively account for his absence in the Notice to Remand was a defect, and "such a defect is not minor and requires that the case be remanded."   Motion to Remand at 7. The Reeses assert that, because he had not been served, the Notice of Removal did not have to account for Marion, contending that "[i]t is clear that 'a defendant who has not been served by the plaintiff in the state action need not join in the notice of removal.'"   Reeses' Response at 7 (quoting Pullman Co. v. Jenkins, 305 U.S. 534 (1939)).   They point out that, almost immediately upon service of process, and nineteen days after service, Marion filed a separate consent to removal.   See Reeses' Response at 8 (citing to Marion's Notice of Consent to Removal).   The Court believes that the Defendants need not account for every one of the defendants in the notice of removal if they have not been served, to advance the purpose of the unanimity, because neither the statute nor the Tenth Circuit require such action.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A).   The last-served rule provides that each defendant has a right to remove within thirty days of service.   See 28 U.S.C. §1446(b)(2)(B).   Remand is required if all of the defendants fail to consent to the petition for removal within the thirty-day period.   Bonadeo v.

Lujan, 2009 WL 1324119, at *6.   "A defendant who has not yet been served with process is not required to join."   Brady v. Lovelace Health Plan, 504 F. Supp. 2d at 1173.   See Pullman Co. v. Jenkins, 305 U.S. at 540-41.

In Tresco, Inc. v. Cont'l Cas. Co., the Court denied the motion to remand, holding that neither the statute nor the Tenth Circuit requires a separate consent for each defendant.   See 727 F. Supp. 2d at 1245.   The Court reasoned that not requiring each defendant to either sign the removal petition or independently submit a notice of consent in writing did not run counter to the principle that removal statutes be strictly construed, with all doubts resolved against removal. See 727 F. Supp. 2d at 1255.   The Court concluded that, strictly construing the statute, with no Tenth Circuit law to the contrary, a notice of removal can be effective without individual consent documents from each defendant.   See 727 F. Supp. 2d at 1255.   The Court pointed out that federal courts often rely on representations of counsel without requiring separate signed documents, and concluded that those representations are sufficient in the consent to removal context:

> "[F]ederal courts often rely on the representations of counsel about other parties.   .
> . . parties frequently submit unopposed motions, stating that the other parties do not
> oppose.   Rarely is there any problem, and if there is, a federal court has an
> abundant reservoir of powers to remedy misrepresentations.   Representations by
> counsel, signed under rule 11, are sufficient to deal with the primary concern
> animating the judicial creation of restrictions on removal."

727 F. Supp. 2d at 1250 (quoting Roybal v. City of Albuquerque, 2008 WL 5991063, at *8).

Just as the Court would not manufacture rules that Congress did not require in Tresco, Inc. v. Cont'l Cas. Co., the Court will also not do so here.   In Tresco, Inc. v. Cont'l Cas. Co., removal did not require a defendant who did not file the notice of removal to indicate his consent to removal by signing the notice of removal or by filing a separate document indicating his consent, because

-40-

requiring a separate notice of consent to removal would be a judicially imposed "special requirement" that Congress had not mandated.   727 F. Supp. 2d at 1254.   The same is true here. Requiring the Defendants to affirmatively explain Marion's absence in the Notice of Removal would judicially impose a special requirement that Congress has not mandated.   As in Tresco, Inc. v. Cont'l Cas. Co., the Court will not create such a "special requirement" in this case.   Where a defendant has not yet been served, defendants do not have to account for every unserved defendant in the Notice of Removal to advance the purpose of the unanimity rule or even the requirement that the defendants must establish all of the requirements for removal.

Not requiring the Defendants to affirmatively explain Marion's absence in the Notice of Removal does not run counter to the principles that: (i) removal statutes be strictly construed, with all doubts being resolved against removal, or with the requirements for notice of removal; (ii) any necessary joinder, or consent thereto, be timely filed within thirty days after service; and (iii) that the joinder or consent be strictly construed.   The statute, 28 U.S.C. §1446, is not ambiguous; it is silent.   Section 1446(b) neither requires nor precludes the rule that May requests.   Hence, there is no doubt about what the language of the statute requires in relation to Marion's absence.   Strictly construing the removal statute's plain language, and in the face of no Tenth Circuit law to the contrary, the Court concludes that the Defendants' failure to affirmatively explain Marion's absence in the Notice of Removal does not require, nor council in favor of, remand.   Strict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal, and create procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants.   See Tresco, Inc. v. Cont'l Cas. Co., 727 F. Supp. 2d at 1255 ("Strict construction and resolving doubts against

removal does not mean the courts should be hostile to the Congressionally created right to removal, creating procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants.").   The Defendants' Notice of Removal and Marion's timely consent to removal are sufficient.

Notably, May does not cite any Supreme Court or Tenth Circuit authority that the notice of removal is strictly construed; the statute is strictly construed and not the notice.   The Tenth Circuit has reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window has expired, when the defendant made simple errors in its jurisdictional allegations, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."   Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th Cir. 1968).   The Tenth Circuit noted that a "simple" error in a jurisdictional allegation included failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship.   Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 301.   In any case, May does not explain away what is not in doubt.   There is no dispute that Marion consented.   May does not explain what should be strictly construed or what doubt should be resolved in her favor; rather, May wants the Court to see some doubt or ambiguity where there is none, and there is nothing to construe strictly, because there is no factual dispute that Marion consented, and still consents, to removal.

May argues that the Court should be able to look at one document and determine the status of all defendants.   While that requirement may sound good in the abstract, such a rule does not

take into account that the Court is not reading documents in real time when they are filed.   The Court is not going to review a notice of removal in most cases unless the plaintiff files a motion to remand and there is a dispute about the adequacy of the notice.   The plaintiff already knows who it has served and not served, so to require the defendants to account for every defendant in the notice of removal would benefit no one.   The plaintiff already knows whom it has not served; the Notice of Removal does not need to tell the plaintiff what it already knows.

In conclusion, removal does not require an affirmative explanation for the absence of Marion in the Notice of Removal.   Marion had not been served at the time of the Notice of Removal, and he consented to removal within thirty days of being served, fulfilling the statutory requirement.   He still consents to removal.   There should be no additional requirements where Congress has not included them.   Accordingly, the Court will deny May's motion to remand.

**III.   THE DEFENDANTS' INITIAL FAILURE TO PROVIDE THE COURT WITH A COPY OF MAY'S RESPONSE TO J. REESE'S MOTION TO DISMISS DOES NOT REQUIRE REMAND TO STATE COURT.**

May initially argued that the Defendants' failure to provide the Court with a copy of May's Response to J. Reese's Motion to Dismiss required remand.   O. Reese responded that the case law clearly shows that, failure to attach a single response to the initial paperwork does not mandate a remand in this case.   See Tr. at 52:8-10 (Garcia).   According to the Cibola County Defendants, the totality of the removal clearly establishes that there is no requirement that all records be filed with the Court contemporaneously with the removal notice.   See Tr. at 55:23-56:1 (Dickman). The Court concludes that, in light of the Tenth Circuit's de minimis standard, the Defendants' failure to provide the Court with a copy of May's Response to J. Reese's Motion to Dismiss does not require remand to state court, because all documents are currently before the Court.

-43-

The D.N.M.LR-Civ. 81.1 provides: "A party removing an action under 28 U.S.C. § 1446 must file with the Clerk legible copies of records and proceedings from the state court action within twenty-eight (28) days after filing notice of removal." D.N.M.LR-Civ. 81.1. In Caterpillar, Inc. v. Lewis, the Supreme Court held that a defect in subject-matter jurisdiction cured before entry of judgment did not warrant reversal or remand to state court. See 519 U.S. at 70-78. Similarly, citing Caterpillar, Inc. v. Lewis, the Tenth Circuit has held that "a defect in removal procedure, standing alone, is not sufficient to warrant vacating judgment and remand to state court if subject matter jurisdiction existed in the federal court." Browning v. Am. Family Mut. Ins. Co., 196 F. App'x. at 505-06. The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal. See Jenkins v. MTGLQ Investors, 218 F. App'x. at 723 (granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Watkins v. Terminix Int'l Co., 1997 WL 34676226, at *2 (reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W.R.R. Co., 277 F.2d at 832 ("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present."). The Tenth Circuit in Countryman v. Farmers Ins. Exch., 639 F.3d at 1272 created a de minimis test. Judge Kelly held:

> Defendants' failure to attach a co-Defendant's summons to the joint notice of removal constituted a de minimis procedural defect that did not necessitate remand of the case to state court. We further hold that this de minimis procedural defect was curable, either before or after expiration of the thirty-day removal period.

Countryman v. Farmers Ins. Exch., 639 F.3d at 1272.

May provided the Court with a copy of May's Response as an attachment to the Motion to

Remand.  See Tr. at 58:20 (Egan).  D.N.M.LR-Civ. 81.1 states: "A party removing an action under 28 U.S.C. § 1446 must file with the Clerk legible copies of records and proceedings from the state court action within twenty-eight (28) days after filing notice of removal."  D.N.M.LR-Civ. 81.1.  The rule does not require filing simultaneously; the rule says file within twenty-eight days of filing the notice of removal.  See D.N.M.LR-Civ. 81.1.  The Motion to Remand was filed on July 13, 2012 and the notice of removal was filed on June 22, 2012, which is less than twenty-eight days.  See Tr. at 59:17-22 (Egan).  Under the Tenth Circuit's de minimis standard, the Tenth Circuit in Countryman v. Farmers Ins. Exch. held that failure to attach a summons to the notice of removal was de miminis.  The Defendants' failure to provide the Court with May's response to J. Reese's Motion to Dismiss is a de minimis procedural defect that does not require remand to state court.  It is "curable", and May cured it by providing the Court with a copy of May's Response within twenty-eight days.  While the Defendants did not supply the document, all necessary documents for removal were before the Court within twenty-eight days, regardless whether the Defendants filed them.   The Court will thus deny the Motion to Remand.

**IT IS ORDERED** that the Plaintiffs' [sic] Motion to Remand, filed July 13, 2012 (Doc. 12), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Carolyn M. "Cammie" Nichols
Brendan K. Egan
Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Michael Dickman
Santa Fe, New Mexico

*Attorney for Defendants Board of County Commissioners for Cibola County, Johnny Valdez, Cibola County Sheriff, in his official capacity*

James P. Sullivan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

*Attorneys for Defendants The Thirteenth Judicial District Attorney's Office and Kristina Faught-Hollar*

William C. Marchiondo
Albuquerque, New Mexico

*Attorney for Defendant James Reese*

Jason Bowles
B.J. Crow
Monnica Lynn Garcia
Bowles & Crow
Albuquerque, New Mexico

 --and--

B.J. Crow
The Crow Law Firm
Roswell, New Mexico

*Attorneys for Defendant Oliver Reese*